# Helen F. Dalton & Associates, P.C.
ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel.: 718-263-9591 • Fax: 718-263-9598

February 9, 2016

**VIA ECF**
Honorable Cheryl Pollak
U.S. Magistrate Judge
225 Cadman Plaza East Room 1230
Brooklyn, New York 11201

           Re: Jose Orlando Aguiler Sandoval et al. v. Bayview Car Wash et al.
               Docket: 14-CV-2648

Dear Judge Pollak:

    We represent the Plaintiffs in the above-captioned action, and submit this letter to the Court jointly with counsel for the Defendants, seeking the Court's approval of the settlement agreements separately and fully executed by each of the Defendants with the Plaintiffs (collectively "Settlement Agreement")The Settlement Agreement, which is annexed as Exhibits "A", "B" and "C" to this correspondence, was negotiated at arm's length between experienced counsel for the parties with the supervision, oversight and guidance of Your Honor during a December 14, 2015 Settlement Conference before Your Honor. The parties believe that the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute in this matter. The parties respectfully request that if the terms of the Settlement Agreement meet with the Court's approval, that the Court approve or "So Order" the Settlement Agreement.

**Background and Summary of the Settlement**

    Plaintiffs commenced this action on or about April 28, 2014, asserting causes of action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). More specifically, the Plaintiffs alleged that the Defendants failed to pay them minimum wages, overtime, and spread of hours wages. The Plaintiffs alleged that they were employed by the Defendants as workers in their carwash, from as early as 1997, continuing for some, to the present. There also exist claims against three different Defendant parties: Defendants BAYVIEW CAR WASH INC. and 187-03 JAMAICA AVENUE CORP. D/B/A BAYVIEW CAR WASH ("BAYVIEW Defendants"); LUCKY RADIO, INC., JALAL EHRARI and RAFAEL MOHAMMAD ("LUCKY RADIO Defendants"); and ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN ("ACJL Defendants").

    Based on the allegations in the Complaint, the Plaintiffs initially calculated that had they

prevailed at trial on all of their claims, they could have recovered approximately $82,739.00 in damages from the Bayview Defendants (inclusive of liquidated damages and attorneys' fees) and approximately $433,442.00 from the LUCKY RADIO and ACJL Defendants combined (inclusive of liquidated damages and attorneys' fees). Following service of the Complaint, the parties engaged in extensive formal and informal discovery, which involved amending the Complaint twice, exchanging records, and drafting motions.

The Defendants allege that to the extent wages were owed to the Plaintiffs, if any, the amount is significantly less than the Plaintiffs' calculations. The Defendants contend that they have additional defenses and offsets to the Plaintiffs' claims. The Plaintiffs recognize that they have little to no documentation of the hours that they contend that they worked throughout their employ, and that the parties differ widely as to the number of hours that the Plaintiff actually worked during this time.

All parties agree that the Settlement Amount paid to Plaintiffs adequately compensates Plaintiffs for their alleged damages arising out of wage and hour claims under state and federal law. Counsel for all parties and all pro-se parties agree that this Settlement Agreement provides for a reasonable and in fact excellent recovery, in light of the costs, risks and delay of continued litigation balanced against the benefit of settlement as conferred to Plaintiffs under this Settlement Agreement. The Parties collectively and mutually understand that, in the litigation process, litigants always face significant risk of an adverse result, or a partially adverse result. Continued litigation would also require substantial additional preparation and discovery, including the deposition and presentation of numerous witnesses; the consideration, preparation and presentation of documentary evidence and the preparation and analysis of expert reports. If this case were to go to summary judgment, trial and appeals, the parties estimate that the fees and costs would easily exceed $100,000.

In short, because a bona fide dispute exists concerning the validity and value of the Plaintiffs' claims, the parties desire to resolve and settle this action in an amicable manner without further litigation. The parties believe that the Settlement Agreement, the terms of which were negotiated with the assistance of and in the presence of Your Honor, provides for a total settlement amount of $20,000.00 from the BAYVIEW Defendants, $40,000.00 from the LUCKY RADIO Defendants, and $115,000.00 from the ACJL Defendants, is fair and reasonable. Further, the proposed Settlement by all parties for the consideration and on the terms set forth in the Settlement Agreement, is fair, reasonable and adequate, because it will yield a prompt, certain and substantial recovery for Plaintiff, with a release of claims, among other benefits, being provided to Defendants. Additionally, both parties would avoid the additional burden, expense and uncertainty of continued litigation in this action. Such a result will benefit both the parties and the court system.

Plaintiffs' counsel and all counsel for each of the Defendants have fully advised their clients of the Settlement Agreement and represent that the Parties approve of and consent to it,

Page 3
February 9, 2016

for the foregoing reasons noted hereinabove. Plaintiffs made the voluntary decision to accept the offers of the Defendants memorialized in the Settlement Agreement, which was negotiated with the help and supervision of Your Honor.

**The Monetary Terms of the Settlement Agreement and Procedure**

The Settlement Agreement was negotiated by the parties' counsel, familiar with the case, and was derived at by an analysis of the evidence, and after an assessment of the risks for both sides in a lengthy litigation. The parties exchanged a number of offers and counteroffers and reached a settlement recovery amount equal to $175,000.00, to be paid over time as set forth in more detail in the Settlement Agreement. The payments from the BAYVIEW Defendants and the LUCKY RADIO Defendants are to be made within 2 weeks pending the approval of the settlement agreement. $30,000.00 held in escrow will be paid to the Plaintiffs on behalf of the ACJL Defendants, with the remainder of the $115,000.00 payment to be made in monthly installments until the sum is paid.

Within three days of Plaintiffs' counsel's receipt of execution of the Settlement Agreement, Plaintiffs' counsel will file with the Court, an executed Stipulation and Order of Dismissal in the form attached to the Settlement Agreement as Exhibit D.

**The Legal Fees to be Paid under the Settlement Agreement are Reasonable**

Pursuant to my firm's retainer agreement with the Plaintiffs, my firm will be reimbursed for its out of pocket expenses of $1,350.90, and will retain 1/3 of the settlement amount of $58,333.33 as attorneys' fees. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

I have spent, and associates at my firm have spent, an excess of 50 hours on this matter, including but not limited to, meeting with each Plaintiff on multiple occasions, conducting intakes, preparing the Complaint, amending the Complaint twice, drafting Rule 26(a)(1) disclosures, receiving and reviewing Defendants' Rule 26(a)(1) disclosures, preparing discovery documents, negotiating with the Defendants and receiving and reviewing the Defendants' records with the Plaintiffs, drafting responses to pre-motion conference letters, drafting Plaintiffs' affidavits, attending the initial conference, status conferences, telephone conferences, and settlement conference, and preparing and amending the settlement agreement, for a total of over 50 hours worked. The total amount of legal fees is reasonable in light of the complexity of FLSA and NYLL matters and the significant experience of my firm in handling such matters.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS

Page 4
February 9, 2016

164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This is opposed from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, for no justification to support it. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(citing *Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

**Conclusion**

Counsel for the Plaintiffs and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

_____
Roman Avshalumov, Esq.
Attorney for Plaintiffs