## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between JOSE ORLANDO AGUILERA SANDOVAL, SANTIAGO CHOXOM XURUC, BLAS JIMENEZ GARCIA, JOSE D. VIERA-SANCHEZ, BYRON WILFREDO SALAZAR, JORGE J. AVILA, WALLYS SALAZAR RIVERA, JOSE MANUEL OSTORGA, JOSE SIERRA-CARDONA, BRYAN A. ALVARADO RIVERA, PEDRO A. RIVERA AGUILERA, EDWIN DAGOBERTO ORELLANA ACOSTA, and CARLOS R. RODRIGUEZ, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Plaintiffs"), and ACJL GROUP INC., LUCKY RADIO, INC., JUSTIN LAM, ANTHONY CHIN,  JALAL EHRARI and RAFI MOHAMMAD, as individuals, its parent(s), subsidiaries, divisions, affiliates and other related entities, and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of the individual defendants' agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Defendants" or "Releasees").

**WHEREAS**, Plaintiffs filed, in the United States District Court for the Eastern District of New York, a complaint under the docket 14-CV-2648 in an action entitled, JOSE ORLANDO AGUILERA SANDOVAL, SANTIAGO CHOXOM XURUC, BLAS JIMENEZ GARCIA, JOSE D. VIERA-SANCHEZ, BYRON WILFREDO SALAZAR, JORGE J. AVILA, WALLYS SALAZAR RIVERA, JOSE MANUEL OSTORGA, JOSE SIERRA-CARDONA, BRYAN A. ALVARADO RIVERA, PEDRO A. RIVERA AGUILERA, EDWIN DAGOBERTO ORELLANA ACOSTA, and CARLOS R. RODRIGUEZ v. BAYVIEW CAR WASH INC.,

ACJL GROUP INC., LUCKY RADIO, INC., 187-03 JAMAICA AVENUE CORP. D/B/A BAYVIEW CAR WASH, ANTHONY WONG, JUSTIN LAM, ANTHONY CHIN, JALAL EHRARI and RAFI MOHAMMAD, as individuals, asserting violations of the FLSA and New York Labor Law (Hereinafter, the "Complaint"); and

**WHEREAS,** Defendants have denied in all material respects the allegations set forth in the Complaint; and

**WHEREAS,** Plaintiffs and the Defendants desire to fully and finally resolve and settle in full all claims that Plaintiffs had, have, or may have against any of the Releasees, including, but not limited to, all claims and issues that were or could have been raised in the Complaint;

**NOW, THEREFORE,** Plaintiffs and the Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>:  By entering into this Agreement, the Defendants do not in any way admit liability or wrongdoing toward Plaintiffs or anyone else, either implicitly or explicitly.  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by the Defendants or any of the Releasees under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiffs or any other person has asserted, could have asserted or may assert in connection with Plaintiffs or any other person's relationship with the Defendants.  The Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2.   Consideration: In consideration for Plaintiffs entering into this Agreement and in full and complete satisfaction of all of their actual and potential claims against any of the Releasees, the Defendants shall pay the following amounts:

a.   Defendants LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, shall pay the total amount of $40,000.00 (Forty Thousand Dollars) by issuing one check made payable to the Law Offices of Helen F. Dalton & Associates, P.C. within two weeks of executing this Agreement.

b.   Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, as individuals, shall pay the total of $115,000.00 (One Hundred Fifteen Thousand Dollars) as follows:

i.   Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. within two weeks of executing this Agreement, $30,000.00 (Thirty Thousand Dollars) currently held in escrow that would otherwise have been paid to Empire City Properties LLC and/or Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash; and

ii.   Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars) monthly checks currently held in escrow that would otherwise have been paid to Defendants Empire City Properties LLC and/or ACJL GROUP INC., JUSTIN LAM,

and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on the 5th of each month, until the carwash is sold and the mortgage to Empire City Properties LLC and/or JUSTIN LAM, and ANTHONY CHIN becomes due and payable, at which point the proceeds tendered from that sale will be used to pay off the remaining balance owed.

   iii.  All checks shall be mailed to the Law Offices of Helen F. Dalton & Associates, P.C., at 69-12 Austin Street, Forest Hills, NY 11375.

c.  Upon signing of this settlement agreement, the Defendants JUSTIN LAM, ANTHONY WONG and ANTHONY CHIN shall execute the Confession of Judgment in the amount of ($230,000.00) two hundred and thirty thousand dollars minus monies already paid (attached hereto as Exhibit B), and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C. shall hold the Confession of Judgment in escrow except as otherwise set forth in this Agreement.

d.  JUSTIN LAM, ANTHONY WONG and ANTHONY CHIN agree that if a breach of the Payment Schedule occurs, Plaintiffs' counsel will provide a thirty (30) thirty day notice to cure Defendants' JUSTIN LAM, ANTHONY WONG and ANTHONY CHIN breach by sending written notice of the breach by mail to Defendants JUSTIN LAM, ANTHONY WONG and ANTHONY CHIN. If the breach is not cured within thirty (30) days, Plaintiffs' counsel may release the Confession of Judgment from escrow.

Plaintiffs agree and affirm that this payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement and that

neither he nor his legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs' relationship with the Defendants.

3.   <u>Voluntary Dismissal with Prejudice:</u>

a.   Plaintiffs hereby authorize and direct their attorneys, to hold in escrow, a fully executed Stipulation of Dismissal pending the tender of proceeds pursuant to this Settlement Agreement. Within two days of tender of the full sum of $40,000.00, and the transfer of $30,000.00 held in escrow, Plaintiffs will direct their attorneys to file with the Court the Stipulation and Order of Dismissal in the format attached hereto as Exhibit A or in any other format required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice.

b.   Plaintiffs also warrant that they have not filed any other action, complaint, charge, claim, grievance or arbitration and that provided that Defendants make the payments required pursuant to this Agreement, they will not file any such action.

5. <u>Taxes.</u>   Plaintiffs understand and agree that they are responsible for the payment of all taxes and withholding that may be due and agrees and promises to pay all taxes which may be due. Plaintiffs further agrees to indemnify and hold Defendants harmless from all liabilities for failing to withhold the foregoing tax items from the Settlement Payment to them.

6. <u>Release of All Claims:</u> To settle any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants, Plaintiffs release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by

reason of any claims or actions arising from Plaintiffs' employment or separation from employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit Case No. 14-CV-2648, pending in the United States District Court for the Eastern District of New York, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act.  This is not a complete list, and Plaintiffs waive and release all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiffs' employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiffs, from the beginning of the world to the effective date of this Agreement.

6. <u>No Employment</u>:  Plaintiffs agree and promise not to seek employment with the Defendants, or any of their parent(s), subsidiaries, divisions, affiliates or other related entities at any time.  Plaintiffs further agree and acknowledge that this Agreement shall constitute good and sufficient cause on which Defendants may reject any application for employment by Plaintiffs and that such rejection would not constitute a violation of any law.

7. <u>Breach of Agreement</u>:  Breach of any of the provisions of this Agreement by any party to this agreement shall be deemed a material breach.  In the event of any such breach, the non-

breaching party shall be entitled to recover damages, attorneys' fees, costs and/or injunctive relief from a court of competent jurisdiction.

8. <u>Applicable Law</u>: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the United States and the State of New York.

9. <u>Enforceability</u>: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

10. <u>Interpretation of Agreement</u>: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

11. <u>Headings</u>: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

12. <u>Voluntary Agreement</u>: Plaintiffs agree and affirm that:

      a.     They have carefully read and fully understand all of the provisions of this Agreement;

      b.     They have been advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

      c.     They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

   d. They have consulted with an attorney of their choice before executing this Agreement;

   e. This Agreement is legally binding, and by signing it, he understands that they are giving up certain rights, including their right to pursue the claims raised in the Complaint.

   f. No promise or representation of any kind or character has been made by any of the Releasees or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

   g. They are, through this Agreement, releasing all of the Releasees from any and all claims that he may have against any of them in exchange for the payment described herein;

   h. The payment described herein is in addition to any payment they would have otherwise received if they did not sign this Agreement;

   i. They knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intend to be legally bound by them.

 13. <u>Attorneys' Fees</u>.  In any action to enforce any provision of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

 14. <u>Complete Agreement</u>:  This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them.  This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

 15. <u>Counterparts</u>:  This Agreement may be executed in several counterparts, each

of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.   A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: 1/27/16 _____               _____
                                              JOSE O. AGUILERA SANDOVAL

STATE OF NEW YORK )
                          ) ss.:
COUNTY OF Queens )

On this 27th day of January 2016, before me, the undersigned, appeared JOSE ORLANDO AGUILERA SANDOVAL personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

Dated: 1/27/16 _____               _____
                                              SANTIAGO CHOXOM XURUC

STATE OF NEW YORK )
                          ) ss.:
COUNTY OF Queens )

On this 27th day of January 2016, before me, the undersigned, appeared SANTIAGO CHOXOM XURUC personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

Dated: 1/27/2016 _____             _____
                                              BLAS JIMENEZ GARCIA

10

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _Queens_

On this 27th day of January 2016, before me, the undersigned, appeared BLAS JIMENEZ GARCIA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Dated: _4/28/16_

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20___

_Jose D Viera sanchez_
JOSE D. VIERA-SANCHEZ

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF Queens

On this 28th day of January, 2016, before me, the undersigned, appeared JOSE D. VIERA-SANCHEZ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Dated: _1/27/16_

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20___

_____
BYRON WILFREDO SALAZAR

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF Queens

On this 27th day of January 2016, before me, the undersigned, appeared BYRON WILFREDO SALAZAR personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

Notary Public

Dated: 1/27/16

JORGE J. AVILA

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF Queens

On this 27th day of January, 2016, before me, the undersigned, appeared JORGE J. AVILA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

Notary Public

Dated: 1/27/16

WALLYS SALAZAR RIVERA

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF Queens

On this 27th day of January, 2016, before me, the undersigned, appeared WALLYS SALAZAR RIVERA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20__

Notary Public

Dated: 1/27/16

JOSE MANUEL OSTORGA

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF Queen

12

On this 27th day of January 2016, before me, the undersigned, appeared JOSE MANUEL OSTORGA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 19

_____
Notary Public

Dated: 1/27/16

_____
JOSE SIERRA-CARDONA

STATE OF NEW YORK )
) ss.:
COUNTY OF Queens )

On this 27th day of January, 2016, before me, the undersigned, appeared JOSE SIERRA-CARDONA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 15

_____
Notary Public

Dated: 1/27/16

_____
BRYAN A. ALVARADO RIVERA

STATE OF NEW YORK )
) ss.:
COUNTY OF Queens

On this 27th day of January, 2016, before me, the undersigned, appeared BRYAN A. ALVARADO RIVERA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 19

13

Dated: 1/27/16                                    _____
                                                 PEDRO A. RIVERA AGUILERA

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF Queens           )

On this 27th day of January, 2016, before me, the undersigned, appeared PEDRO A. RIVERA AGUILERA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2019

Dated: 1/27/16                                    _____
                                                 EDWIN D. ORELLANA ACOSTA

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF Queens           )

On this 27th day of January, 2016, before me, the undersigned, appeared EDWIN D. ORELLANA ACOSTA personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 2019

Dated: 1/27/2016                                  _____
                                                 CARLOS R. RODRIGUEZ

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF Queens           )

On this 27th day of January, 2016, before me, the undersigned, appeared CARLOS R. RODRIGUEZ personally known to me or proved to me on the basis of satisfactory evidence

14

to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified In Queens County
Commission Expires April 28, 20__

Dated: *1/25/16*

ACJL GROUP INC.

BY: *Anthony Chin*

TITLE: *President*

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF *Queens*

On this *25* day of *January* 2016, before me, the undersigned, appeared *Anthony Chin* personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20*19*

Dated: *1/19/16*

LUCKY RADIO, INC.

BY: *JALAL EHRARI*

TITLE: *President*

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF *Queens*

On this *19th* day of *January*, 2016, before me, the undersigned, appeared *Jalal Ehrari* personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Notary Public

NATHANIELE C ALEXANDRE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AL6199003
Qualified in Kings County
My Commission Expires *March 14, 2017*

16

Dated: _____          _____
                                        JUSTIN LAM

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _____

On this ____ day of _____, 2015, before me, the undersigned, appeared JUSTIN
LAM personally known to me or proved to me on the basis of satisfactory evidence to be that
individual, and he executed the above agreement by free act and deed, and thereby subscribed to
it.

_____
Notary Public

Dated: *1/25/16*                        _____
                                        ANTHONY CHIN

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF *Queens*

On this *25th* day of *January* 2016, before me, the undersigned, appeared ANTHONY
CHIN personally known to me or proved to me on the basis of satisfactory evidence to be that
individual, and he executed the above agreement by free act and deed, and thereby subscribed to
it.

_____
Notary Public

Leah Jenesh
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 *19*

17

Dated: __1/25/16__                                        JUSTIN LAM

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF _Queens_

On this _25_ day of _January_, 2016, before me, the undersigned, appeared JUSTIN
LAM personally known to me or proved to me on the basis of satisfactory evidence to be that
individual, and he executed the above agreement by free act and deed, and thereby subscribed to
it.

_____
Notary Public

> STEVEN BOGUSLAVSKY
> NOTARY PUBLIC, STATE OF NEW YORK
> No.01BO6260692
> Qualified in New York County
> My Commission Expires April 30, 2016

Dated: __1/25/16__                                        ANTHONY CHIN

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF _Queens_

On this _25_ day of _January_, 2016, before me, the undersigned, appeared ANTHONY
CHIN personally known to me or proved to me on the basis of satisfactory evidence to be that
individual, and he executed the above agreement by free act and deed, and thereby subscribed to
it.

_____
Notary Public

17

Dated: _____1/20/16_____

_____
JALAL EHRARI

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF Queens

On this 20th day of January 2016, before me, the undersigned, appeared JALAL EHRARI personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

NATHANIELE C ALEXANDRE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AL6199003
Qualified In Kings County
My Commission Expires March 14, 2017

Dated: _____1/20/16_____

_____
RAFI MOHAMMAD

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF Queens

On this 20th day of January 2016, before me, the undersigned, appeared RAFI MOHAMMAD personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

NATHANIELE C ALEXANDRE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AL6199003
Qualified In Kings County
My Commission Expires March 14, 2017

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

JOSE ORLANDO AGUILERA SANDOVAL, SANTIAGO
CHOXOM XURUC, BLAS JIMENEZ GARCIA, JOSE D.
VIERA-SANCHEZ, BYRON WILFREDO SALAZAR,
JORGE J. AVILA, WALLYS SALAZAR RIVERA, JOSE
MANUEL OSTORGA, JOSE SIERRA-CARDONA,
BRYAN A. ALVARADO RIVERA, PEDRO A. RIVERA
AGUILERA, EDWIN DAGOBERTO ORELLANA
ACOSTA, and CARLOS R. RODRIGUEZ,

14-CV-2648(CBA)(CLP)

STIPULATION AND
ORDER OF DISMISSAL

Plaintiffs,

-against-

BAYVIEW CAR WASH INC., ACJL GROUP INC.,
LUCKY RADIO, INC., 187-03 JAMAICA AVENUE
CORP. D/B/A BAYVIEW CAR WASH, ANTHONY
WONG, JUSTIN LAM, ANTHONY CHIN, JALAL
EHRARI and RAFAEL MOHAMMAD, as individuals,

Defendants.

----------------------------------------X

Plaintiffs, JOSE ORLANDO AGUILERA SANDOVAL, SANTIAGO CHOXOM

XURUC, BLAS JIMENEZ GARCIA, JOSE D. VIERA-SANCHEZ, BYRON WILFREDO

SALAZAR, JORGE J. AVILA, WALLYS SALAZAR RIVERA, JOSE MANUEL

OSTORGA, JOSE SIERRA-CARDONA, BRYAN A. ALVARADO RIVERA, PEDRO A.

RIVERA AGUILERA, EDWIN DAGOBERTO ORELLANA ACOSTA, and CARLOS

R. RODRIGUEZ, hereby stipulate and agree , through the undersigned counsel, that the

action, and all claims and causes of action that were or could have been asserted in it

against Defendants, BAYVIEW CAR WASH INC. and 187-03 JAMAICA AVENUE

CORP. D/B/A BAYVIEW CAR WASH, on any basis or under any legal theory or cause,

including without limitation, claims based on alleged wage violations or other

employment related claims, is withdrawn, discontinued and dismissed, with prejudice and without costs as against either party, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

IT IS FURTHER STIPULATED AND AGREED that Defendants, Lucky Radio, Inc., Jalal Ehrari and Rafael Mohammad, stipulates and agrees to the dismissal of its cross-claims as to all Defendants with prejudice and without costs pursuant to Federal Rule of Civil Procedure 41(a)(1) and without costs as against any party.

IT IS FURTHER STIPULATED AND AGREED by and between the parties in the above captioned action, that the action, and all claims and causes of action that were or could have been asserted in it by any of the parties in the action on any basis or under any legal theory or cause; including without limitation, claims based on alleged wage violations or other employment related claims, is be withdrawn, discontinued and dismissed, with prejudice and without costs as against either party, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

IT IS FURTHER STIPULATED AND AGREED, that this Stipulation may be executed in counterparts, and that a faxed or electronic signature will be as acceptable as an original signature for filing this Stipulation of Dismissal without costs against any of the parties.

Dated: 2/1, 20 16

Roman Avshalumov, Esq. (RA-5508)
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, NY 11375
*Attorneys for Plaintiffs*

Dated: 2/2, 20 16

By: Kevin J. O'Connor, Esq.
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
*Attorneys for Defendants*, Bayview Car Wash, Inc and 187-03 Jamaica Avenue Corp.
d/b/a Bayview Car Wash.

Dated: 2/3, 20 16

By: Stephen D. Hans , Esq.
Law Offices of Stephen D. Hans
45-18 Court Square, Suite 403
Long Island City, New York 11101
*Attorneys for Defendants*, Lucky Radio, Inc., Jalal Ehrari and Rafael Mohammad

Dated: 2/3, 20 16

Little Lam
249-27 61st Avenue
Little Neck, NY 11362
*Pro Se Defendant*

Dated: 2/6, 20 16

Anthony Shih
84-20 60th Road
Middle Village, NY 11379
*Pro Se Defendant*

Dated: _____, 20___

ACIL Group, Inc.
84-20 60th Road
Middle Village, NY 11379

**SO ORDERED.**

Dated: _____ 20___

_____
Hon. Cheryl L. Pollak

Dated: _____, 20__

BY: Curtis A. O'Connor, Esq.
Dalton & Abramson, P.C.
90 Grand Avenue

_Attorneys for Defendants_ Bayview Car Wash, Inc and 187-05 Jamaica Corp.
d/b/a Bayview Car Wash

Dated: 2/3 , 2016

By: Stephen D. Hans , Esq.
Law Offices of Stephen D. Hans
45-18 Court Square, Suite 403
Long Island City, New York 11101
_Attorneys for Defendants_ Lucky Radio, Inc., Jalal Elkear and Rafael Mohammad

Dated: _____, 20__

_____
_____
Little Neck, NY 11362
_Pro Se Defendant_

Dated: 2/15, 2016

Anthony Garcia
84-20 58th Road
Middle Village, NY 11379
_Pro Se Defendant_

Dated: 2/15, 2016

AGA Group, Inc.
84-20 58th Road
Middle Village, NY 11379

SO ORDERED:

Dated: _____, 20__

Hon. Cheryl L. Pollak

# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JOSE ORLANDO AGUILERA SANDOVAL, SANTIAGO CHOXOM
XURUC, BLAS JIMENEZ GARCIA, JOSE D. VIERA-SANCHEZ,
BYRON WILFREDO SALAZAR, JORGE J. AVILA, WALLYS                        **14-CV-2648(CLP)**
SALAZAR RIVERA, JOSE MANUEL OSTORGA, JOSE SIERRA-
CARDONA, BRYAN A. ALVARADO RIVERA, PEDRO A. RIVERA                    **CONFESSION OF**
AGUILERA, EDWIN DAGOBERTO ORELLANA ACOSTA, and                       **JUDGMENT**
CARLOS R. RODRIGUEZ,

                                 Plaintiffs,

                -against-

BAYVIEW CAR WASH INC., ACJL GROUP INC., LUCKY RADIO,
INC., 187-03 JAMAICA AVENUE CORP. D/B/A BAYVIEW CAR
WASH, ANTHONY WONG, JUSTIN LAM, ANTHONY CHIN,
JALAL EHRARI and RAFAEL MOHAMMAD, as individuals,

                                 Defendants.

-------------------------------------------------------------------X

ANTHONY CHIN and JUSTIN LAM, being duly sworn, depose and say:

1. I am a Defendant in the above-entitled action and an officer of the corporate defendant, ACJL
GROUP INC.

2. I, ANTHONY CHIN CURRENTLY RESIDE AT

84-70 60th Road Middle Village, NY 11379

I, JUSTIN LAM CURRENTLY RESIDE AT

249-27 61st Ave. Little Neck, NY 11362

3. I, a defendant in the above-entitled action, on behalf of the Defendants, ACJL GROUP INC.,
ANTHONY CHIN and JUSTIN LAM, as individuals, hereby confess judgment in this Court in
favor of the Plaintiffs, JOSE ORLANDO AGUILERA SANDOVAL, SANTIAGO CHOXOM XURUC,
BLAS JIMENEZ GARCIA, JOSE D. VIERA-SANCHEZ, BYRON WILFREDO SALAZAR, JORGE J.
AVILA, WALLYS SALAZAR RIVERA, JOSE MANUEL OSTORGA, JOSE SIERRA-CARDONA,
BRYAN A. ALVARADO RIVERA, PEDRO A. RIVERA AGUILERA, EDWIN DAGOBERTO
ORELLANA ACOSTA, and CARLOS R. RODRIGUEZ for the sum of two hundred thirty thousand
dollars ($230,000.00) in accordance with the amicable resolution of an action between these

21

parties pending in the United States District Court for the EASTERN District of New York, bearing Docket No. 14-CV-2648 (the "Litigation") and hereby authorize the plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against ACJL GROUP INC., ANTHONY CHIN and JUSTIN LAM, as individuals.

4. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, asserting that Defendants failed to pay minimum wages, overtime and spread of hours wages. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of $115,000.00 over 29 installment payments according to the following payment schedule:

i. 1st installment:   Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. within two weeks of executing this Agreement, $30,000.00 (Thirty Thousand Dollars) currently held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash.

ii. 2nd installment   Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on February 5, 2016.

iii. 3rd installment   Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on March 5, 2016.

iv. 4th installment   Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on April 5, 2016.

v. 5th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on May 5, 2016.

vi. 6th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on June 5, 2016.

vii. 7th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on July 5, 2016.

viii. 8th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on August 5, 2016.

ix. 9th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on September 5, 2016.

x. 10th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN,

for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on October 5, 2016.

xi. 11th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on November 5, 2016.

xii. 12th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on December 5, 2016.

xiii. 13th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on January 5, 2017.

xiv. 14th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on February 5, 2017.

xv. 15th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on March 5, 2017.

xvi. 16th installment      Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One

Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on April 5, 2017.

xvii. 17th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on May 5, 2017.

xviii. 18th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on June 5, 2017.

xix. 19th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on July 5, 2017.

xx. 20th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on August 5, 2017.

xxi. 21st installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on September 5, 2017.

xxii. 22nd installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO,

INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on October 5, 2017.

xxiii.  23rd installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on November 5, 2017.

xxiv.  24th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on December 5, 2017.

xxv.  25th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on January 5, 2018.

xxvi.  26th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on February 5, 2018.

xxvii.  27th installment          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on March 5, 2018.

    xxviii.  28th installment           Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on April 5, 2018.

    xxix.  29th installment           Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $1,300.00 (One Thousand Three Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on May 5, 2018.

Defendants ANTHONY CHIN and JUSTIN LAM agreed, however, that should Plaintiffs fail to receive a payment when due, after THIRTY (30) days notice of such default (regular mail to Defendants at their home addresses listed above), Defendants would be indebted to Plaintiff in the amount of two hundred and thirty thousand dollars ($230,000.00) minus any monies already paid, pursuant to the amicable resolution of the Litigation, without any further notice, and may be collected by obtaining judgment in the United States District Court for the Eastern District of New York.

5. This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability, nor is it based upon a consumer credit transaction.

ANTHONY CHIN

Dated: 1/25/16

Sworn to before me this
day of 1/25, 20 16

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 19

JUSTIN LAM

27

xxviii. <u>28th installment</u>          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $3,100.00 (Three Thousand One Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on April 5, 2018.

xxix. <u>29th installment</u>          Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN agree, direct and authorize LUCKY RADIO, INC., JALAL EHRARI and RAFI MOHAMMAD, as individuals, to transfer to Helen F. Dalton and Assoc. $1,300.00 (One Thousand Three Hundred Dollars), held in escrow that would otherwise have been paid to Defendants ACJL GROUP INC., JUSTIN LAM, and ANTHONY CHIN, for the purchase of the carwash. Said checks shall be paid to the Law Offices of Helen F. Dalton & Associates, P.C. on May 5, 2018.

Defendants ANTHONY CHIN and JUSTIN LAM agreed, however, that should Plaintiffs fail to receive a payment when due, after THIRTY (30) days notice of such default (regular mail to Defendants at their home addresses listed above), Defendants would be indebted to Plaintiff in the amount of two hundred and thirty thousand dollars ($230,000.00) minus any monies already paid, pursuant to the amicable resolution of the Litigation, without any further notice, and may be collected by obtaining judgment in the United States District Court for the Eastern District of New York.

5. This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability, nor is it based upon a consumer credit transaction.

ANTHONY CHIN

Dated: 1/25/16

Sworn to before me this
25 day of January, 2016

Notary Public

JUSTIN LAM

27

Dated: _____

Sworn to before me this
2₅ day of January, 20 16

_____
Notary Public

STEVEN BOGUSLAVSKY
NOTARY PUBLIC, STATE OF NEW YORK
No:01BO6260692
Qualified in New York County
My Commission Expires April 30, 2016

28