UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE ORLANDO AGUILER SANDOVAL, et al.,

                Plaintiffs,

    - against -

BAYVIEW CAR WASH INC., et al.,

                Defendants.
-----------------------------------------------------------X

**ORDER**

14 CV 2648 (CLP)

On April 28, 2014, Jose Orlando Aguiler Sandoval, Santiago Choxom Xuruc, Blas Jimenez Garcia, Jose D. Viera-Sanchez, Byron Wilfredo Salazar, Jorge J. Avila, Wallys Salazar Rivera, Jose Manuel Ostorga, Jose Sierra-Cardona, Byron A. Alvarado Rivera, Pedro A. Rivera Aguilera, and Edwin Dagoberto Orellana Acosta ("plaintiffs"), filed this lawsuit against Bayview Car Wash Inc., ACJL Group Inc., Anthony Wong, Justin Lam, 187-03 Jamaica Avenue Corp d/b/a Bayview Car Wash, Anthony Chin, Jalal Ehrari, Lucky Radio Inc., John Doe #1, and John Doe #2 a/k/a Rafael (collectively, defendants), seeking to recover damages for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and New York Labor Law Article 6 § 190 et seq. and Article 19 § 650 et seq. ("NYLL").

During a conference with this Court held on December 14, 2015, the parties, under the supervision of the Court, reached a resolution of the action. On that same date, December 14, 2015, the parties consented to proceed before the undersigned. In light of the Second Circuit's recent clarification that judicial approval is required to effectuate the settlement of a plaintiff's claims under the FLSA, see Cheeks v. Freeport Pancake House, Inc., No. 14 CV 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015), the Court has determined that the settlement is fair and reasonable under the circumstances.

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").

In this case, after supervising the settlement negotiations, and considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation, this Court is cognizant of the many issues that would require further discovery and the risks of litigation if the case were to proceed. Accordingly, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiffs' claims, and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 10, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York